**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

JAMES BLAKNEY,                    :
                                             Civil Action No. 07-1946 (RMB)
      Petitioner,     :

      v.              :   **OPINION**

WARDEN PAUL SCHULTZ,              :

      Respondent.     :

**APPEARANCES:**

| Petitioner pro se | Counsel for Respondent |
|---|---|
| James Blakney | Paul A. Blaine |
| F.C.I. Fairton | Assistant U.S. Attorney |
| P.O. Box 420 | Camden Federal Bldg. & |
| Fairton, New Jersey 08320 | U.S. Courthouse |
| | 401 Market Street |
| | Camden, New Jersey 08101 |

**BUMB**, District Judge

    Petitioner James Blakney, a prisoner currently confined at the Federal Correctional Institution at Fairton, New Jersey, has submitted a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.[1]  The respondent is Warden Paul Schultz.

---

[1] Section 2241 provides in relevant part:

(a) Writs of habeas corpus may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions.
(c) The writ of habeas corpus shall not extend to a prisoner unless-- ... (3) He is in custody in violation of the Constitution or laws or treaties of the United States ... .

I.   BACKGROUND

Petitioner challenges the calculation of the federal sentence pursuant to which he is presently incarcerated, following his release from a Pennsylvania state sentence.

Petitioner was arrested in Pennsylvania, on August 22, 2001, on state charges of distributing cocaine.  He was released on bond the next day.  Petitioner was again arrested in Pennsylvania, on November 27, 2001, again on state charges of distributing cocaine.  Again, Petitioner was released on bond the next day.  On May 31, 2002, Petitioner entered guilty pleas to both charges in the Lackawanna County Court of Common Pleas.  He was sentenced on August 22, 2002, to serve consecutive custodial terms of 15 months to three years, for an aggregate term of 30 months to six years.  Blakney's parole eligibility date was February 18, 2005.

Blakney was again arrested on state charges, of reckless endangerment and fleeing from police, on May 9, 2002.  The Philadelphia County Court of Common Pleas imposed a one-year term of probation, which expired on December 15, 2003.  Finally, Petitioner was arrested on state charges, that were subsequently withdrawn, on August 1, 2002, and he was released on August 5, 2002.

The earliest date of Petitioner's offense conduct on the federal offense of conviction was April 12, 2002, while

2

Petitioner was released on bond from the then-pending Lackawanna County charges.  The offense conduct ended on April 22, 2002.  Petitioner was indicted in the Middle District of Pennsylvania on July 8, 2003, while Petitioner was serving his state sentence, for conspiracy to make and cause false and fictitious statements in the acquisition of firearms, in violation of 18 U.S.C. § 371.  Pursuant to a writ of habeas corpus ad prosequendum, the U.S. Marshals Service borrowed Petitioner from state custody on July 25, 2003, and returned him to state custody on August 1, 2003, after he entered his plea to the federal offense.  Pursuant to a second writ of habeas corpus ad prosequendum, the U.S. Marshals Service borrowed Petitioner from state custody on September 24, 2003, and returned him to state custody on August 5, 2004, after he pleaded guilty to the federal charge.  A federal detainer was issued at that time.  Pursuant to a third writ of habeas corpus ad prosequendum, the U.S. Marshals Service borrowed Petitioner from state custody on October 25, 2004, and returned him the next day, October 26, 2004, after he was sentenced on the federal offense.  Petitioner was sentenced to a term of imprisonment of 60 months, consecutive to the afore-mentioned sentences imposed by courts in the Commonwealth of Pennsylvania, to be followed by three years supervised release.  Petitioner's current projected release date is September 11, 2009.

On May 11, 2005, Petitioner was released on parole by Pennsylvania authorities to the federal detainer, and he was taken into custody by the U.S. Marshals.  Service of Petitioner's federal sentence began on May 11, 2005.

Petitioner first challenged the calculation of his federal sentence by filing a Request for Administrative Remedy,[2] asking that the federal sentence be deemed to have begun on October 26, 2004, the date it was imposed, and that he be granted credit for time spent in federal custody pursuant to the writs of habeas corpus ad prosequendum.  That request was denied, and the denial was upheld on Petitioner's appeal to the Bureau of Prisons Regional Director.  Petitioner did not pursue his administrative remedies any further.

---

[2] The BOP Administrative Remedy Program is a three-tier process that is available to inmates confined in institutions operated by the BOP for "review of an issue which relates to any aspect of their confinement."  28 C.F.R. § 542.10.  An inmate must initially attempt to informally resolve the issue with institutional staff. 28 C.F.R. § 542.13(a).  If informal resolution fails or is waived, an inmate may submit a BP-9 Request to "the institution staff member designated to receive such Requests (ordinarily a correctional counsel)" within 20 days of the date on which the basis for the Request occurred, or within any extension permitted.  28 C.F.R. § 542.14.  An inmate who is dissatisfied with the Warden's response to his BP-9 Request may submit a BP-10 Appeal to the Regional Director of the BOP within 20 days of the date the Warden signed the response. 28 C.F.R. § 542.15(a).  The inmate may appeal to the BOP's General Counsel on a BP-11 form within 30 days of the day the Regional Director signed the response.  Id.  Appeal to the General Counsel is the final administrative appeal.  Id.  If responses are not received by the inmate within the time allotted for reply, "the inmate may consider the absence of a response to be a denial at that level."  28 C.F.R. § 542.18.

Petitioner has filed this Petition for writ of habeas corpus, challenging the calculation of his federal sentence, and contending that he should receive credit against the federal sentence for all time served in state custody after the federal detainer was lodged, because the detainer precluded Petitioner from receiving bootcamp or taking other programs that might have led to an earlier release.  Petitioner also contends that he should receive credit for time served between February 18, 2005, the date he became eligible for parole, and May 11, 2005, the date he was released on parole, because he alleges that the federal sentencing judge was incorrectly informed that Petitioner would be released on parole from the state sentences on February 18, 2005.[3]

---

[3] Petitioner acknowledges that he has not exhausted his administrative remedies.  Although 28 U.S.C. § 2241 contains no statutory exhaustion requirement, a federal prisoner ordinarily may not bring a petition for writ of habeas corpus under 28 U.S.C. § 2241, challenging the execution of his sentence, until he has exhausted all available administrative remedies.  See, e.g., Callwood v. Enos, 230 F.3d 627, 634 (3d Cir. 2000); Arias v. United States Parole Comm'n, 648 F.2d 196, 199 (3d Cir. 1981); Soyka v. Alldredge, 481 F.2d 303, 306 (3d Cir. 1973).  The exhaustion doctrine promotes a number of goals:

> (1) allowing the appropriate agency to develop a factual record and apply its expertise facilitates judicial review; (2) permitting agencies to grant the relief requested conserves judicial resources; and (3) providing agencies the opportunity to correct their own errors fosters administrative autonomy.

Goldberg v. Beeler, 82 F.Supp.2d 302, 309 (D.N.J. 1999), aff'd, 248 F.3d 1130 (3d Cir. 2000).  See also Moscato v. Federal Bureau of Prisons, 98 F.3d 757, 761 (3d Cir. 1996).  Nevertheless,

## II.  ANALYSIS

The Attorney General is responsible for computing federal sentences for all offenses committed on or after November 1, 1987, United States v. Wilson, 503 U.S. 329 (1992) and 18 U.S.C. § 3585, and the Attorney General has delegated that authority to the Director of the Bureau of Prisons, 28 C.F.R. § 0.96 (1992).

Computation of a federal sentence is governed by 18 U.S.C. § 3585, and is comprised of a two-step determination of, first, the date on which the federal sentence commences and, second, the extent to which credit is awardable for time spent in custody prior to commencement of the sentence.

> (a) Commencement of sentence.--A sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence

---

exhaustion of administrative remedies is not required where exhaustion would not promote these goals.  See, e.g., Gambino v. Morris, 134 F.3d 156, 171 (3d Cir. 1998) (exhaustion not required where petitioner demonstrates futility); Lyons v. U.S. Marshals, 840 F.2d 202, 205 (3d Cir. 1988) (exhaustion may be excused where it "would be futile, if the actions of the agency clearly and unambiguously violate statutory or constitutional rights, or if the administrative procedure is clearly shown to be inadequate to prevent irreparable harm"); Carling v. Peters, 2000 WL 1022959, *2 (E.D. Pa. 2000) (exhaustion not required where delay would subject petitioner to "irreparable injury").

Respondent contends that this Petition should be dismissed because Petitioner failed to comply with the administrative appeals process.  Petitioner contends that this Court should excuse the failure to exhaust, as the requirement is not jurisdictional.  Because the Petition is meritless, this Court need not determine whether to excuse Petitioner's failure to exhaust.

>    service of sentence at, the official detention facility at which the sentence is to be served.
>
>    (b) Credit for prior custody.--A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences-
>
>> (1) as a result of the offense for which the sentence was imposed; or
>>
>> (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
>
> that has not been credited against another sentence.

18 U.S.C. § 3585(a), (b).  In addition, "[m]ultiple terms of imprisonment imposed at different times run consecutively unless the Court orders that the terms are to run concurrently."  18 U.S.C. § 3584(a).

Thus, the BOP properly determined that Petitioner's sentence commenced on May 11, 2005, when he was paroled from his state sentence and was delivered to federal custody.  In addition, the BOP properly credited Petitioner for those occasions after April 22, 2002, (the end date of his federal offense conduct) when he was incarcerated but did not receive credit for such incarceration against his state sentence.  Specifically, the BOP awarded Petitioner credit for the one day of state incarceration on May 9, 2002, and for the five days of state custody following another arrest on August 1, 2002, on state charges that were subsequently withdrawn.  See 18 U.S.C. § 3585(b).

7

The BOP also properly refused to credit Petitioner for time spent in physical custody pursuant to the three writs of habeas corpus ad prosequendum. When two different sovereigns have custody of a criminal defendant over time, the general rule is that the sovereign who acquires custody first in time has primary jurisdiction over the defendant. See Chambers v. Holland, 920 F.Supp. 618, 622 (M.D. Pa.), aff'd, 100 F.3d 946 (3d Cir. 1996) and cases cited therein.

> Primary jurisdiction remains vested in the [jurisdiction] which first arrested the defendant until that jurisdiction relinquishes its priority by, e.g., bail release, dismissal of the state charges, parole release, or expiration of the sentence. ... Producing a state prisoner under writ of habeas corpus ad prosequendum to answer federal charges does not relinquish state custody.

Chambers, 920 F.Supp. at 622 (citations omitted).

Thus, the Commonwealth of Pennsylvania exercised primary jurisdiction over Petitioner, which it retained when it produced Petitioner to federal authorities pursuant to the various writs of habeas corpus ad prosequendum. The time during which Petitioner was subject to the writs was credited toward his state sentence and cannot, consistent with 18 U.S.C. § 3585, be credited toward his federal sentence.

Finally, Petitioner asserts that the federal sentencing court was under the misimpression, at the time it imposed sentence, that Petitioner would be released from his state sentences on February 18, 2005. In fact, the federal pre-

sentence report correctly indicates that Petitioner would be <u>eligible</u> for parole on February 18, 2005, not that he would be released on that date.  In any event, any misimpression by the federal sentencing court as to Petitioner's release date on his state sentences can have no impact, under § 3585, on the Bureau of Prison's calculation of the sentence as imposed.  Nor, under the applicable law, can the existence of the federal detainer have any affect on the calculation of Petitioner's sentence.

### III.   <u>CONCLUSION</u>

For the reasons set forth above, the Petition must be denied.  An appropriate order follows.

<u>s/Renée Marie Bumb</u><br>
Renée Marie Bumb<br>
United States District Judge

Dated: <u> January 23, 2008</u>